```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

JOSÉ L. NEGRÓN,
      Petitioner,


      v.                              CIVIL ACTION NO.
                                      13-10128-DJC


SUPERINTENDENT BRUCE I. GELB,
      Respondent.


**MEMORANDUM AND ORDER RE:**
**MOTION FOR APPOINTMENT OF APPELLATE COUNSEL**
**(DOCKET ENTRY # 4); MOTIONS TO STAY**
**(DOCKET ENTRY ## 2, 14 & 21); AND**
**ORDER TO ANSWER**

**June 17, 2013**


**BOWLER, U.S.M.J.**

   Petitioner José L. Negrón ("petitioner") filed the above styled petition for habeas corpus under 28 U.S.C. § 2254 ("section 2254") in January 2013. To date, there is no order for respondent Superintendent Bruce I. Gelb ("respondent") to file an answer. Petitioner also seeks appointment of counsel (Docket Entry # 4) as well as to stay the current proceedings until he exhausts state court remedies (Docket Entry ## 2, 14 & 21). On March 8, 2013, the district judge denied as moot a motion for leave to proceed in forma pauperis because petitioner paid the $5.00 filing fee.

I.   <u>MOTION FOR APPOINTMENT OF COUNSEL (DOCKET ENTRY # 4)</u>

In this motion, petitioner captions the court as "United States District Court for the First Circuit." The correct caption should read, "United States District Court for the District of Massachusetts." Petitioner also seeks appointment of "appellate counsel" in this action. This court construes the motion as seeking appointment of counsel in this proceeding.

## DISCUSSION

There is no constitutional right to appointment of counsel beyond the direct appeal of a criminal conviction. Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994); see Ellis v. U.S., 313 F.3d 636, 652 (1st Cir. 2002) (noting in section 2255 proceeding that "convicted criminal has no constitutional right to counsel with respect to habeas proceedings"); see also Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I. 1990) (constitution does not mandate representation after trial and first appeal). Rather, appointment of counsel in a collateral attack on a criminal conviction is discretionary.[1] Heath v. United States Parole Commission, 788 F.2d 85, 88 (2nd Cir. 1986). In particular, under 18 U.S.C. § 3006A(a)(2) ("section 3006A(a)(2)"), a court may appoint counsel for a "financially eligible person seeking

---

[1] Appointment of counsel, however, is mandatory where the district court conducts an evidentiary hearing. See Rule 8(c), 28 U.S.C. foll. § 2254; cf. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (appointment of counsel discretionary where no evidentiary hearing required).

relief under section 2254 when the interests of justice require." Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).  Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who-- . . .
>
>     (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2).  The affidavit, inmate transaction report and declaration (Docket Entry ## 7-1, 7-2 & 7-3) provide a basis for finding that petitioner is financially eligible under section 3006A(a)(2).

The rare cases warranting appointment of counsel in the interests of justice, however, typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts.  See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three aforementioned circumstances and citing Battle v. Armontrout, 902 F.2d at 702, a section 2254 case); Battle v. Armontrout, 902 F.2d at 702 (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his investigative abilities); see also Abdullah v. Norris, 18 F.3d

3

571, 573 (8th Cir. 1994) (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in appointing counsel under section 3006A(a)(2)).

This proceeding is in a nascent stage and the facts are not unduly complex at this point in time.  Petitioner may reapply for appointment in the event this court finds that an evidentiary hearing is warranted and/or this case proceeds to a more complex stage involving nonfrivolous claims.

II.    ORDER TO ANSWER

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, respondent is hereby **ORDERED** to file an answer to the petition within 20 days after receipt of this Order, exclusive of the day of receipt.  The answer must also include a statement notifying this court of the existence of any victim or victims as defined by 18 U.S.C. § 3771.

Pursuant to Rule 4, a copy of the petition, including all of the attached exhibits, the civil cover sheet and an updated copy of the docket shall be served on respondent and the Attorney General for the Commonwealth of Massachusetts by certified mail. The deadline for filing a dispositive motion or memorandum in opposition to the petition is August 23, 2013.  Respondent is also instructed to file a response to the most recent motion to stay (Docket Entry # 24).

In the event respondent wishes to raise an exhaustion defense in any dispositive motion or memorandum in opposition to the petition, respondent is directed to brief the merits of all of the claims inasmuch as this court has the discretion under 28 U.S.C. § 2254(b)(2) to deny an application on the merits notwithstanding a petitioner's failure to exhaust available state court remedies.  Respondent should file all necessary state court records.  In the event respondent argues that one or more claims fails on the merits under section 2254(d) or under a de novo standard of review, see Fortini, III v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001), respondent is instructed to file the state court transcripts of the trial.

III.   MOTIONS TO STAY (DOCKET ENTRY ## 2, 14 & 21)

Petitioner filed four motions all seeking to stay these proceedings while he exhausts state court remedies with respect to grounds for relief in this petition.  (Docket Entry ## 2, 14, 21 & 24).  This court has directed respondent to file a response to the most recent motion to stay (Docket Entry # 24).  Because all of the motions seek the same relief, the earlier motions (Docket Entry ## 2, 14 & 21) are denied without prejudice as moot.  This court will make a ruling on the most recent motion to stay after respondent files a response.

## CONCLUSION

The motion for appointment of counsel (Docket Entry # 4) is

**DENIED** without prejudice.  The motions to stay (Docket Entry ## 2, 14 & 21) are **DENIED** as moot.  Respondent is **ORDERED** to file an answer within 20 days after receipt of this Order, exclusive of the day of receipt.  The deadline to file a response to the most recent motion to stay (Docket Entry # 24) and to file a dispositive motion or memorandum in opposition to the petition is August 23, 2013.  A copy of the petition, the civil cover sheet and an updated copy of the docket shall be served on respondent and the Attorney General for the Commonwealth of Massachusetts by certified mail.

        /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge